IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 40779-9-III |
| KEISHA SHAVERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| TYRONE DAVID SHAVERS, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, C.J. — Keisha Shavers appeals the trial court's order dismissing her petition for legal separation for lack of personal jurisdiction over Tyrone Shavers.[1] Keisha argues the court erred because Tyrone established minimum contact with Washington through certain financial transactions and his physical visit to the state.

We conclude Keisha failed to provide the necessary record for review and decline to decide the issue.

---

[1] Because the parties share the same last name, we refer to them by their first name for clarity. No disrespect is intended.

BACKGROUND

Keisha Shavers and Tyrone Shavers were married in Arkansas in October 2020 and later moved to Texas. They have no children in common.

Tyrone and Keisha separated on November 1, 2023. Keisha moved to Spokane County and Tyrone remained in Texas. On May 1, 2024, Keisha filed a petition for legal separation in Spokane County Superior Court. Tyrone filed a response to the petition, raising a challenge to the court's personal jurisdiction. He requested the court move the case to Texas where they previously lived together.

Keisha moved for default because she did not receive Tyrone's response and he had not filed a notice of appearance. The court granted her motion, concluding it had personal jurisdiction over Tyrone. Tyrone later moved to dismiss or vacate for lack of personal jurisdiction. The court granted Tyrone's motion, dismissing the case for lack of personal jurisdiction.

Keisha appeals.

ANALYSIS

Keisha contends the court erred by dismissing her petition for lack of personal jurisdiction over Tyrone. She argues Tyrone had more than minimum contact with Washington because he physically visited the state and certain financial transactions were conducted on his behalf within the state. We decline to address the issues raised by Keisha because the record on appeal is inadequate.

An appellant "has the burden of perfecting the record so that the reviewing court has before it all of the relevant [materials]." *Bulzomi v. Dep't of Lab. & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994). De novo review requires this court to perform an "independent analysis of the same record as was before the trial court." *Butler v. Craft Eng. Const. Inc.*, 67 Wn. App. 684, 692, 843 P.2d 1071 (1992).

Here, the trial court relied on the parties' briefing to make its determination. Keisha informs this court that Tyrone's motion to dismiss or vacate was accompanied by his declaration in support of the motion and two supporting memorandums of law. However, Keisha concedes these materials were not designated as clerk's papers on appeal. The record on appeal is not the same record as was before the trial court. Consequently, we are unable to perform a de novo review.

Dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                                    Murphy, J.